No. 05-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 339N

_____

PACCAR FINANCIAL CORP.,

      Plaintiff, Respondent and Counter-defendant,

   v.

STEPHEN S. ENZMINGER,

      Defendant, Appellant and Counter-claimant.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and for the County of Yellowstone, Cause No. DV-04-0041,
                    The Honorable Gregory R. Todd, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

           Elizabeth J. Honaker, Honaker Law Firm, Billings, Montana

      For Respondent:

           Mark E. Noennig, Hendrickson, Everson, Noennig & Woodward, P.C.,
           Billings, Montana

_____

Submitted on Briefs:  December 5, 2006

Decided:  December 19, 2006

Filed:

_____
                         Clerk

Justice Brain Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stephen S. Enzminger (Enzminger) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to Respondent Paccar Financial Corp. (Paccar). We affirm.

¶3 Paccar and Enzminger entered into a Security Agreement Retail Installment Contract in August 1998, and another in January 1999, pursuant to which Paccar provided financing to Enzminger to purchase two commercial trucks used for hauling goods. Enzminger experienced difficulty making payments on the loans. These difficulties ultimately forced the parties to refinance the loans in January 2001. Enzminger became delinquent again in July 2001 and Paccar informed him that he either had to make payments or the trucks would have to be returned. Enzminger returned the trucks to Paccar on August 1, 2001. Paccar sold the trucks by public auction on August 23, 2001, resulting in deficiencies on both debt obligations.

¶4 Enzminger filed suit against Paccar on January 3, 2002, claiming damages based on promissory estoppel. Enzminger alleged that Paccar had made an oral agreement to "work with" Enzminger before the parties refinanced the loans of January 2001. Paccar

removed the action to U.S. District Court based upon diversity of jurisdiction. The federal court found for Paccar on the basis that Enzminger cannot create a claim of promissory estoppel regarding an oral agreement in light of the subsequent written agreement between the parties. The U.S. Court of Appeals for the Ninth Circuit affirmed in an unpublished opinion.

¶5 Paccar filed this action in District Court on January 12, 2004, seeking judgment on the deficiencies from Enzminger's original two debts, plus interest. Paccar also seeks to recover costs and reasonable attorney's fees. Enzminger answered and filed counterclaims on the theory of breach of implied covenant of forbearance, waiver of payment terms in the revision agreement, fraud, and mistake of law. Paccar filed a motion for summary judgment on June 25, 2004, alleging that the doctrine of *res judicata* barred Enzminger's counterclaims. The District Court agreed and proceeded to grant judgment in Paccar's favor on its deficiency claims and awarded $38,016.03, plus interest at 12% per annum, plus attorney's fees and costs in the amount of $5,386.95, for a total judgment in the amount of $59,551.24. Enzminger appeals.

¶6 Enzminger argues that the promissory estoppel claim that he pursued in the first action against Paccar involved Paccar's conduct before he and Paccar entered into an agreement to refinance the loans. Paccar contends that his counterclaims in this action focus on the refinancing agreement and Paccar's conduct *after* the parties had executed the written agreement. Paccar notes that our decision in *First Bank v. Fourth Judicial Dist. Court*, 226 Mont. 515, 519, 737 P.2d 1132, 1134 (1987), held that the doctrine of

3

*res judicata* bars a party from litigating claims in a subsequent action when the party had the opportunity to litigate the same issues in a prior action.

¶7      We review *de novo* a district court's decision to grant summary judgment based on the same criteria applied by a district court. *Hardy v. Vision Service Plan*, 2005 MT 232, ¶ 10, 328 Mont. 385, ¶ 10, 120 P.3d 402, ¶ 10.  We must determine whether the court correctly found no genuine issue of material facts existed and whether it applied the law correctly.  *Hardy*, ¶ 10.  It is appropriate to decide this case pursuant to our order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules providing for memorandum opinions.  It is manifest on the face of the briefs and record before us that Enzminger's appeal lacks merit.  Civil Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶8      Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER